IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES WAYNE THACKER, | ) | |
| Petitioner, | ) | Civil Action No. 7:18-cv-00547 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CARL MANIS, | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

By order entered November 9, 2018, the court conditionally filed Thacker's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the conditional filing order, the court noted that Thacker needed to comply with certain financial requirements. The court also stated that the petition appeared to be untimely. It therefore directed Thacker to submit, within fourteen days from the date of the order, additional argument or evidence he sought to present concerning the timeliness of the petition. (Order 2, Dkt. No. 5.) In the same paragraph, he was warned that his "FAILURE TO COMPLY WITH THE CONDITIONS SET FORTH IN THIS PARAGRAPH MAY RESULT IN DISMISSAL OF THE PETITION." (*Id.* at 2–3.)

Thacker submitted some of the financial information requested, but he did not present any more information as to how his petition might be deemed timely.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A)–(D); R. Gov. § 2254 Cases 3(c).

This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Thacker was convicted in 1988, more than 30 years ago, and according to his petition, all of his appeals or state habeas proceedings ended in the 1980s. As calculated under § 2244(d)(1)(A), then, his petition clearly is not timely. Thacker alleges nothing to support application of § 2244(d)(1)(B)–(D).

Accordingly, Thacker's petition is time barred unless he demonstrates that he is entitled to equitable tolling, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), or that he is actually innocent of his conviction, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). He does not advance a claim of actual innocence. Instead, Thacker argues in his petition that he is entitled to equitable tolling because he had unspecified "mental disabil[ities]" when he was "younger" and then his direct appeal was time-barred "because of [his attorney's] mistakes." (Pet. 13, Dkt. No. 1.) Neither of these grounds provide a basis for equitable tolling.

Equitable tolling is proper only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d at 246 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control prevented him from complying with the statutory time limit," despite his exercise of "reasonable

diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330. An inmate

asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he

fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Thacker's attorney's alleged errors with regard to his direct appeal do not explain why

Thacker did not timely file his federal habeas petition. Moreover, neither his lack of knowledge

about the law nor his *pro se* status is a basis for equitable tolling. *United States v. Sosa*, 364 F.3d

507, 512 (4th Cir. 2004) (denying equitable tolling and explaining that a *pro se* petitioner's

"misconception about the operation of the statute of limitations is neither extraordinary nor a

circumstance external to his control"). Most significantly, he has not alleged, let alone shown,

that any action by the Commonwealth or "some other extraordinary circumstance beyond his

control" prevented him from complying with the statutory time limit. *See Harris*, 209 F.3d at

330.

With regard to his assertion that he used to suffer from mental disabilities, that assertion

is entirely too vague and conclusory to entitle him to equitable tolling. As the Fourth Circuit has

explained, "equitable tolling as a result of a petitioner's mental condition" is only appropriate "in

cases of profound mental incapacity." *Sosa*, 364 F.3d at 512. In so reasoning, *Sosa* cited to a

Ninth Circuit case that referenced circumstances such as "institutionalization or adjudged mental

incompetence." *Id.* (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir.

1998)). Thacker's unsupported allegation that he had unspecified mental disabilities at some

point in the past is not comparable to the facts in *Grant*. Nor has Thacker alleged any facts

showing how his mental disabilities prevented him from timely filing his petition. Thus, he is

not entitled to equitable tolling. *See House v. Clarke*, No. 3:16CV238, 2017 WL 990580, at *4

(E.D. Va. Mar. 14, 2017) (rejecting equitable tolling where petitioner failed to "allege any facts

showing" how his mental condition prevented him from timely filing and collecting authority holding same).

For the foregoing reasons, the court concludes that Thacker's petition is time-barred and must be dismissed.

An appropriate order will be entered.

Entered: October 7, 2019.


/s/ Elizabeth K. Dillon
      Elizabeth K. Dillon
      United States District Judge